**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Rivera,<br><br>  Plaintiff,<br><br>v.<br><br>David Shinn, et al.,<br><br>  Defendants. | No. CV-23-01014-PHX-KML (ASB)<br><br>**ORDER** |

Non-party Carmina Carrasco filed a motion for temporary restraining order that would require Richard Rivera receive copies of legal documents "in timely manner," "sufficient weekly showers," "adequate medical care" related to an infected leg, and a "JPay tablet." (Doc. 79 at 1.) Defendants filed a response and motion to strike. (Doc. 81.) According to defendants, Carrasco is not authorized to represent Rivera and the motion should be stricken on that basis. Defendants also argue the underlying claims in this suit involve medical care for Rivera's retinal detachment and Carrasco's motion impermissibly seeks injunctive relief unrelated to the claims at issue. (Doc. 5 at 11.)

"While a non-attorney may appear pro se on his own behalf, [h]e has no authority to appear as an attorney for others than himself." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (simplified). Carrasco therefore cannot appear and seek relief on Rivera's behalf. But even if Carrasco could, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th

Cir. 2015). The motion seeks relief unrelated to the retinal detachment alleged in the complaint.

Accordingly,

**IT IS ORDERED** the Motion for Temporary Restraining Order (Doc. 79) is **DENIED**.

**IT IS FURTHER ORDERED** the Motion to Strike (Doc. 81) is **DENIED AS MOOT**.

Dated this 5th day of June, 2025.

Honorable Krissa M. Lanham
United States District Judge