**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Rivera,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>David Shinn, et al.,<br><br>　　　　　Defendants. | No. CV-23-01014-PHX-KML (ASB)<br><br>**ORDER** |

On September 25, 2025, the court granted two motions for summary judgment, one filed by Vern Dagenais and the other by Centurion of Arizona, LLC, Z. Sidi, and David Shinn. (Doc. 88.) On October 23, 2025, plaintiff Richard Rivera filed a motion pursuant to Fed. R. Civ. P. 59(e). (Doc. 90.) That motion does not challenge the court's ruling regarding Dagenais but argues the court "misapprehend[ed] both the evidentiary record and controlling law" when granting the motion filed by Centurion and the others. (Doc. 90 at 2.)

**I.      Motion for Reconsideration Standard**

A motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). "Motions for reconsideration are disfavored" and should not "ask the Court to rethink what the court has already thought through-rightly or wrongly." *Ramirez v. Medtronic Inc.*, 961 F. Supp. 2d

977, 1005 (D. Ariz. 2013) (simplified).

## II. Eighth Amendment Claims

Rivera's motion first argues the court erred in its analysis of his Eighth Amendment claim. Rivera primarily focuses on the period from August 23, 2022, to January 5, 2023. (Doc. 90 at 3.) Rivera identifies August 23, 2022, as the date "Dr. Barakat diagnosed a retinal detachment and recommended immediate surgery."[1] (Doc. 90 at 3.)

The court's order identified the period between August 2022 and January 2023 as one of the bases for Rivera's claim and the court explained in detail why Sidi's actions in that period did not create a dispute of fact regarding deliberate indifference. (Doc. 88 at 10-11.) In brief, it was non-party Danielle Briden who submitted a "routine" request for surgery. Approval was given on September 19, 2022, but did not occur due to contracting issues with Dr. Barakat's office. Rivera did not name Briden as a defendant and presented no evidence Sidi was aware of the delay from August to November. In November 2022, Sidi requested approval for a pre-op consultation and approval was granted the same day. On December 12, 2022, Dr. Barakat scheduled the surgery for January 4, 2023.

Rivera now claims the court erred in concluding the "four-month delay" from August to January could not satisfy the deliberate indifference standard. Rivera however does not point to any evidence contradicting the court's analysis. (Doc. 90 at 3.) Crucially, Rivera does not cite any evidence establishing when Sidi learned the surgery had not yet been scheduled nor that Sidi was aware of a need for surgery sooner and ignored it. Rivera's motion for reconsideration regarding Sidi is denied.

Rivera also argues the court erred in analyzing his Eighth Amendment claim that Centurion and Shinn had a policy or practice of denying or delaying medical care. As the court explained, the alleged denials and delay largely could not be attributed to Centurion. (Doc. 88 at 14.) In September 2022, Centurion attempted to schedule Rivera's surgery, and

---

[1] Rivera's dates are slightly inaccurate as Dr. Barakat had diagnosed a retinal detachment earlier than August 23. Dr. Barakat first diagnosed a retinal detachment on July 26, 2022, and recommended Rivera undergo treatment on each eye, approximately two weeks apart. (Doc. 61-1 at 5-6.) Rivera received that treatment with the second treatment occurring on August 23, 2022. On that date Dr. Barakat recommended a surgical repair and surgery occurred in January 2023. (Doc. 61-1 at 6-8.)

the record does not indicate why that request did not result in an appointment. But Centurion departed as of October 1, 2022, and the delay from that date to January 2023 cannot be attributed to Centurion. (Doc. 88 at 14.) Rivera also argues the court should have considered the record from a prisoner class action that allegedly supports his view of unconstitutional policies or practices. (Doc. 90 at 9-12.) But as explained in the court's order, Rivera did not point to any "evidence Shinn knew of the particular failures at issue in this case." (Doc. 88 at 11.) The general evidence of medical care problems established in the class action does not create a dispute of fact regarding the constitutionality of Rivera's individual treatment.

### III.    State-Law Claim

Rivera argues granting summary judgment on his state-law negligence claim was "clear error" because no expert medical testimony is necessary. According to Rivera, the negligence "was so grossly apparent that a layperson could readily recognize it without explanation." (Doc. 90 at 12.) Rivera points to defendants' decisions to mark certain referrals as "routine" instead of "urgent" as falling below the standard of care. (Doc. 90 at 13.) And Rivera claims that those delays resulted in "progressive and irreversible loss of vision" and other complications. (Doc. 90 at 13.)

The court's order acknowledged expert testimony is not always necessary. (Doc. 88 at 15.) But the court concluded an expert was needed in this case because "[a] layperson would not know, as a matter of 'common knowledge,' whether, for example, a follow-up appointment that occurred in eleven days instead of seven was below the standard of care." (Doc. 88 at 16.) Rivera has not established it was clear error for the court to conclude expert testimony was needed.

/
/
/
/
/

Accordingly,

**IT IS ORDERED** the Motion for Relief (Doc. 90) is **DENIED**.

Dated this 28th day of October, 2025.

Honorable Krissa M. Lanham
United States District Judge